WILLIAMS et al. v. NEW YORK HERALD CO.   (No. 6564.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

1. LIBEL AND SLANDER (§ 38*) — PRIVILEGED COMMUNICATION — "JUDICIAL PROCEEDING"—PLEADINGS.

Under Code Civ. Proc. § 1907, providing that a civil action will not lie for the publication of a fair and true report of any judicial proceeding in the absence of actual malice, a complaint accusing plaintiff of selling adulterated milk, but which had not been presented to any court or magistrate or made the basis of any application for any order or process, was not a "judicial proceeding," so as to give a qualified privilege to a newspaper to publish its contents, though the publication of proceedings had ex parte is within the privilege.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 117–123; Dec. Dig. § 38.*

For other definitions, see Words and Phrases, First and Second Series, Judicial Proceeding.]

2. NAMES (§ 10*)—ASSUMED NAME—RIGHT TO SUE—PLAINTIFF'S VIOLATION OF LAW.

Plaintiffs, who, as individuals, carried on the business of selling milk to customers under the name of "The Lambert Dairy Company," without filing the certificate required by Penal Law (Consol. Laws, c. 40) § 440, making the carrying on of a business under an assumed name without filing a certificate as to the conduct of business thereunder a misdemeanor, and in violation of section 924, making the transaction of business under a fictitious copartnership name a misdemeanor, and of Partnership Law (Consol. Laws, c. 39) § 22, prohibiting the transaction of business where the designation "& Co." does not represent an actual partner, could not recover, in an action of libel for damages to such business.

[Ed. Note.—For other cases, see Names, Cent. Dig. § 7; Dec. Dig. § 10.*]

Appeal from Trial Term, New York County.

Action by Charles S. Williams and another against the New York Herald Company. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Judgment and order reversed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Jay & Candler, of New York City (Robert W. Candler, of New York City, of counsel), for appellant.

Frank M. Franklin, of New York City, for respondents.

SCOTT, J.   The action is for libel.   The defendant is the publisher of a newspaper.   The plaintiffs, under the name of the Lambert Dairy Company, carry on the business of selling and supplying milk and cream to their customers in the city of New York.   The libel complained of consists of an article accusing the Lambert Dairy Company of selling watered and adulterated milk.   This article was a fairly accurate summary of the allegations contained in a complaint in an action by the French-American Stores Company against the plaintiffs and others. This complaint was filed in the office of the county clerk, but up to the time of the publishing of the libel it had never been presented to the court, nor had any application, based upon it, been made to the court for any preliminary or provisional order or process.   It developed upon the

trial that plaintiffs had never filed the certificate required by law to enable them to carry on business under the name Lambert Dairy Company, which they had adopted and used. Hence, while the business they were conducting was a perfectly lawful and legitimate one, the manner of conducting it was unlawful and constituted a misdemeanor. Penal Law, §§ 440, 924; Partnership Law, § 22. The damages claimed in the complaint were those claimed to have been suffered by plaintiffs in their business. The amount recovered was not excessive, if they are entitled, as a matter of law, to recover at all.

The appellant urges two reasons why, as it is claimed, the judgment should not stand: First. It claims a qualified privilege in that the article complained of was a fair and true report of a judicial proceeding or of a paper duly filed in the course of such a proceeding. Second. Because the plaintiffs were engaged in a criminal undertaking in carrying on their business as they did, and consequently cannot claim damages in respect thereto.

[1] The defense founded upon the plea of privilege raises an interesting question which has been much discussed. It was considered by this court in Stuart v. Press Publishing Co., 83 App. Div. 467, 82 N. Y. Supp. 401, wherein many cases upon the point were collated and commented upon, although the precise question involved in the present case was not involved and was expressly left undetermined; the court saying:

"Whether the privilege extends to the publication of pleadings merely filed or served in this state, where no action can be taken thereon by the court without an application by one or both of the parties, may not be free from doubt and need not be decided. Truth is always a complete defense, and statements which are true may be freely published. But the privilege which affords immunity against falsity of the matter published being limited to reports of judicial proceedings, has a newspaper a license to publish the contents of a complaint or answer prepared, served, or filed before judicial action has been in any manner invoked, when the parties, or their attorneys, or any individual would not have such right?"

Section 1907 of the Code of Civil Procedure provides that:

"An action, civil or criminal, cannot be maintained against a reporter, editor, publisher, or proprietor of a newspaper, for the publication therein of a fair and true report of any judicial, legislative, or other public or official proceedings, without proving actual malice in making the report."

That one purpose of this statute was to permit the publication of proceedings had ex parte before the court as well as those contested is settled. Sanford v. Bennett, 24 N. Y. 20. As to the publication of papers merely filed and not presented to any court or magistrate, which is the question now before us, the rule has not heretofore been declared in this state by any controlling authority. It has arisen, however, in many other jurisdictions, and the concensus of authority is that the qualified privilege of publication does not extend to such a case. Cowley v. Pulsifer, 137 Mass. 392, 50 Am. Rep. 318, where the question is discussed with much care and learning; Kimball v. Post Publishing Co., 199 Mass. 248, 85 N. E. 103, 19 L. R. A. (N. S.) 862, 127 Am. St. Rep. 492; Lundin v. Post Publishing Co., 217 Mass. 213, 104 N. E. 480; Park v. Detroit Free Press, 72 Mich. 560, 40 N. W. 731, 1

L. R. A. 599, 16 Am. St. Rep. 544; American Publishing Co. v. Gamble, 115 Tenn. 663, 90 S. W. 1005; Metcalf v. Times Publishing Co., 20 R. I. 674, 40 Atl. 864, 78 Am. St. Rep. 900; Ilsley v. Sentinel Co., 133 Wis. 20, 113 N. W. 425, 126 Am. St. Rep. 928; Todd v. Every Evening Printing Co., 6, Pennewill (Del.) 233, 66 Atl. 97; Barber v. St. Louis Dispatch Co., 3 Mo. App. 377; Meeker v. Post Printing & Publishing Co., 55 Colo. 355, 135 Pac. 457; Parsons v. Age-Herald Publishing Co., 181 Ala. 439, 61 South. 345. The opinion thus generally held by the courts of this country commends itself to our judgment as establishing a safe and sound rule within the terms of our statute. As was said in Metcalf v. Times Publishing Co., supra:

"It is necessary to the ends of justice that a party should be allowed to make his charges against another, for adjudication, even though they may be of a libelous character, and as such they are privileged; the injured party having a remedy for malicious prosecution when they are made maliciously or without probable cause. But the right of a party to make charges gives no right to others to spread them."

Our conclusion upon this branch of the case, therefore, is that the mere filing of a pleading, without any submission to the court or judicial action taken thereon, does not constitute such a judicial proceeding as will give rise to a qualified privilege to a newspaper to publish its contents.

[2] The defendant's second objection to the judgment rests, in our opinion, on a sounder foundation. The damages claimed are for injury to the business in which the plaintiffs are engaged, and it certainly seems anomalous that one may recover for injury to a business, the carrying on of which is unlawful and criminal. Plaintiff's claim is that the libel injured the fair fame and reputation, and consequently the business value of the Lambert Dairy Company, a name which they had unlawfully appropriated and used. In principle the case is not unlike Marsh v. Davison, 9 Paige, 580, wherein the slander sued for was that the plaintiff had killed a woman by the use of misapplied remedies. It was pleaded in defense that the plaintiff had not registered as a medical practitioner. The court said:

"It is doubtful whether the words charged to have been spoken by him are actionable. For it appears by the bill itself that Davison was not a regular physician or surgeon; nor was he licensed to practice as such according to the laws of this state. And as he cannot, therefore, recover any compensation for his services under the provision of the Revised Statutes (1 R. S. [2d. Ed.] 451, § 24), he cannot maintain an action of slander for charging him with malpractice in a profession which he cannot legally exercise."

So in the present case it must, we think, be said that plaintiffs cannot recover for damages to a business which they could not lawfully carry on in the manner in which they did carry it on. When this case was before us on demurrer, the present question was not presented, for it did not appear that plaintiff's use of this fictitious name was unlawful. For aught that appeared, they might have taken the necessary steps to render the use of the name lawful. Fry v. Bennett, 28 N. Y. 324; Trimmer v. Hiscock, 27 Hun, 364. If plaintiffs were suing for damages to themselves as individuals, a different question would be presented, with which we are not now called upon to deal.

Our conclusion is that, for the reason above assigned, the defendant was entitled to a dismissal of the complaint at the trial.

It follows that the judgment and order appealed from must be reversed, and the complaint dismissed, with costs to the appellant in all courts. All concur.