No. 17,796.

E. M. Brown *v.* E. J. Barnes.

(296 P. [2d] 739)

Decided April 23, 1956.

Mr. Earl L. Wolvington, Messrs. Wormwood, O'Dell & Wolvington, for plaintiff in error.

Mr. KARL C. FALCH, Messrs. McNICHOLS, DUNN & NEVANS, Mr. JOSEPH F. LITTLE, Mr. PETER J. LITTLE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error will herein be referred to as plaintiff, and defendant in error as defendant, these being the respective positions the parties occupied in the trial court.

Plaintiff's complaint sought damages for alleged slander of plaintiff by defendant. It appears that plaintiff, a candidate for reelection as sheriff of Logan County, Colorado, sued defendant for alleged defamatory remarks made by defendant at a political meeting held October 19, 1954, at Crook, Colorado. It was alleged in plaintiff's complaint that defendant "intentionally and maliciously contriving to injure the plaintiff and to deprive him of the confidence of the people of Logan County did * * * speak and publish of and concerning the plaintiff, in the presence and hearing of diverse good people, the following false, scandalous and defamatory words, to-wit: 'The sheriff (meaning plaintiff) has accumulated property of the value of Eighty Thousand Dollars ($80,000.00). A person cannot accumulate that much money on a Four Hundred Twenty-five Dollar ($425.00) a month salary in a period of four (4) years. Add it up for yourselves. It just doesn't add up.' (Meaning that plaintiff had embezzled or otherwise dishonestly accumulated property of the value of Eighty Thousand Dollars ($80,000.00); that plaintiff was guilty of malfeasance in office, and guilty of dishonest and fraudulent practices.)" Plaintiff alleged that his reputation was thereby injured; that he suffered great mental anguish on account of the statements made; that he lost the elec-

tion in 1954 as a result of such statements. He prayed for actual and exemplary damages.

By his answer defendant put in issue the allegations of plaintiff's complaint and for separate defenses he alleged that the language used by defendant was not meant or understood to mean that plaintiff was guilty of malfeasance or dishonest or fraudulent practices; that the portion of the alleged remarks, other than those in parenthesis as above set forth, were true; that plaintiff carried the election in the precinct where Crook, Colorado, is situate; that plaintiff gave the editor of a Sterling, Logan County, Colorado, newspaper the story containing the remarks complained of and "not only authorized such publication of said words on October 24, 1954, but promised said editor of said newspaper that no libel suit would be brought against said newspaper by said plaintiff on account of such publication * * *." That if plaintiff suffered damage on account of said words uttered, such damage was occasioned by the publication of said remarks in the Sterling newspaper.

At the conclusion of plaintiff's evidence, counsel for defendant moved the trial court for a directed verdict in favor of defendant. This motion was granted and from the judgment of dismissal entered in the action, plaintiff brings the case here on writ of error.

For reversal it is urged that the trial court erred in holding that the words spoken by defendant were not slander per se; that there was sufficient evidence to submit the case to the jury; that no proof of actual damage is necessary in an action of this kind.

The trial court held that the words spoken were slander *per quod* and not slander *per se*. Counsel for plaintiff contend that the words uttered by defendant were "slanderous themselves and needed no construction to explain the slanderous meaning." They say that the fair import of the language used "plainly insinuated that plaintiff did dishonestly accumulate his property and steal from Logan County." If such be the import of the

language employed then it seems pertinent to inquire why plaintiff inserted in his complaint the innuendo above set forth. Moreover when defendant, prior to trial, moved to have the innuendo stricken from the complaint, counsel for plaintiff resisted and the trial court denied the motion to strike that portion of the complaint. The trial court treated the case as one of slander per quod and so did counsel for plaintiff. Witnesses were called by plaintiff and testified concerning this language and the meaning they attached to the words employed; yet it appears that all of these witnesses voted for plaintiff at the November, 1954, election.

■ Words which are libelous per se do not need an innuendo, and conversely words which need an innuendo are not libelous per se. *Knapp v. Post Printing and Publishing Co.,* 111 Colo. 492, 144 P. (2d) 981.

■ Counsel for plaintiff have apparently changed their theory of the case in their presentation to this court. We fail to find anything in the record which indicates that they objected to the case being tried as one of slander per quod. The truth of the statements made by defendant is admitted. Truth of the defamatory words is a complete defense in an action for libel or slander. *Republican Publishing Co. v. Mosman,* 15 Colo. 399, 24 Pac. 1051.

■ The trial court aptly commented: "These words, standing alone, are true. But this is not what is complained of in this case. It is complained that the innuendo or inference is the slander in this case and caused plaintiff damage * * *."

" * * * if the words are merely actionable per quod, no recovery may be had without proof of special damages, and the burden is on the plaintiff to establish the causal connection between the defamatory words and any special damages claimed." 53 C.J.S., p. 378, section 262.

The words complained of were spoken during the heat of an election campaign. The election which followed

resulted in the defeat of plaintiff, but not one of plaintiff's witnesses testified that he changed his vote because of the remarks made by defendant. The meeting at which the words were spoken was attended by some seventy-five persons. Plaintiff during his several terms as Sheriff was engaged in the real estate business and in the erection of houses and other structures. He admitted that he was worth $80,000.00 and that he accumulated this property during his term of office. We do not think the words as used imported an untruthful, distorted, or enlarged and highly altered character to their natural meaning. Such words without more, do not imply or raise a presumption of wrongdoing unless greatly fortified by innuendo. Plaintiff's real estate holdings, as well as his salary and expense accounts were matters of public record available to anyone in Logan County. The words used could well have been limited to their ordinary meaning and thus present to the voters of Logan County the question of whether plaintiff could perform the work necessary to carry on his prosperous real estate business and still have the time, strength and energy to perform his duties as sheriff, and whether he had been inattentive to or neglected the duties of sheriff. Doubtless plaintiff acquired his property by hard work and good management.

We conclude that the words admittedly uttered by defendant were not slanderous per se. An innuendo set forth in a slander complaint cannot enlarge or vary the sense of the words used, and can be of no avail unless the words can be said to carry the violent presumption of the innuendo. *Republican Pub. Co. v. Miner,* 3 Colo. App. 568, 34 Pac. 485.

The words complained of could well mean, under the record as made by plaintiff, that he had speculated in real estate, had personally constructed buildings; had engaged extensively in renovating, repairing, moving and enlarging houses and structures; that he necessarily had to take time and attention from his duties as sheriff

to engage in such activities. There are several other ways in which plaintiff could have accumulated this property, but the record shows that it was acquired through his diligent and consistent efforts. We must conclude that defendant's statement did not justify the innuendo placed on it by plaintiff.

The complaint in this action is for slander per quod. It does not allege any special damage. It lumps plaintiff's loss in the election, injury to his reputation, good name and character, mental suffering, and for all of these combined items he sought $80,000.00 damages. All of the items pleaded were general and not special damages. Where a complaint contains no allegation of special damages, it is insufficient where the words printed or spoken are libelous or slanderous per quod. *Knapp v. Post Publishing Co., supra.*

We have carefully reviewed the record presented and fail to find any issue to be submitted to the jury. No special damages were alleged or proved and as plaintiff admits the words spoken were true, his action for slander per quod must fail.

The judgment is affirmed.