No. 19,724.

HARRY BERNSTEIN *v.* DUN AND BRADSTREET, INC.
(368 P. [2d] 780)

Decided January 29, 1962. Rehearing denied February 26, 1962.

Messrs. McLEAN AND McLEAN, for plaintiff in error.

Messrs. LESHER, SCHMIDT & VAN CISE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties appear here in the same order as in the trial court and will be referred to as plaintiff and defendant.

This is an action for damages for libel.

In his complaint the plaintiff, an attorney and a certified public accountant, averred that he had been damaged in the sum of $9,900.00, by statements issued by defendant, a foreign corporation, in a "report," which statements plaintiff claims were libelous.

Defendant filed a Motion to Dismiss for failure to state a claim, which motion was denied.

Defendant next filed a Motion for More Definite Statement or for Bill of Particulars and plaintiff, in due time, filed a "More Definite Statement," in compliance with the court's Order. The defendant then moved to strike the complaint and to dismiss the action on the grounds that plaintiff had "failed to comply with the Court Order" under Rule 12(e).

The court gave plaintiff leave to file an amended complaint or to make the statement more definite, which plaintiff elected not to do. Whereupon the court granted defendant's motion and dismissed the action.

Plaintiff challenges this ruling by writ of error.

The complaint in the trial court alleged in pertinent part:

That plaintiff was, is and had been for many years, a Certified Public Accountant; and that, prior to September 2, 1959, had for many years enjoyed an excellent reputation in his profession.

That on or about September 2, 1959, defendant published and distributed a report labeled "Rating Change" (concerning the financial condition of a Colorado Corporation and its officers who were purportedly clients of plaintiff) in which defendant stated that it (the report) was "prepared from unaudited interim financial statement submitted directly by Harry Bernstein, CPA," and "Bernstein does not respond to request for interview," all of which concerned plaintiff in his capacity (as a CPA) and his profession.

That the statements made were false; that plaintiff had not prepared the financial statement referred to and had never been contacted by defendant, nor had defendant ever attempted to contact plaintiff.

That in making this publication defendant intended it to mean that the plaintiff, Harry Bernstein, did not properly conduct his business as a certified public accountant and did not respond to defendant's requests.

That as a result of the publication, plaintiff had been defamed, had suffered injury and prejudice to his profession and reputation and had been damaged in the sum of $9,900.00.

The "report" in question was attached to the complaint, incorporated therein and by reference, made a part thereof.

In its bill of particulars defendant asked:

1. What statements in the report attached to the complaint were defamatory, asserting that the words quoted in the complaint were not defamatory in and of themselves.

2. That the plaintiff be required to plead special damages because the statements made were not libelous *per se*, being, if defamatory at all, merely libelous *per quod*, and that plaintiff should state, in specific detail, each item of prejudice and injury and all specific gains and profits he would have acquired, including names of each client and the business he lost from each and the amount of profit he would have made on each.

3. That plaintiff be required to list the names and addresses of all persons and organizations to whom the allegedly "defamatory matter was communicated."

Plaintiff's replies to the bill of particulars can be summarized to the effect that the report is part of the complaint and whether the statements "taken as a whole were defamatory was a matter of argument"; that the statements are libelous *per se* and not *per quod* — thus damages are presumed and no special damages need be pled; that the extent of the damages and the publication of the alleged libel were within the knowledge of defendant and not of plaintiff.

Upon plaintiff's failure to file an amended complaint or to make his last filed statement more definite pursuant to the court's order granting defendant's Motion for a More Definite Statement, the trial court dismissed the action under Rule 12 (e), R.C.P. Colo.

Plaintiff urges two grounds for reversal:

1. He asserts that the court erred in dismissing the plaintiff's cause of action under Rule 12(e), R.C.P. Colo.; and 2. That the court erred in holding that the defamatory statements made by defendant were not libelous *per se,* but were libelous *per quod.*

The trial court, in dismissing plaintiff's cause of action under Rule 12(e), R.C.P. Colo., specifically stated that the alleged libelous statements set forth in plaintiff's complaint were not libelous *per se,* and that therefore special damages had to be pleaded in particularity. This, in effect, was a determination by the trial court that plaintiff had failed to state a claim upon which relief could be granted. For in Colorado special damages are a necessary element of a claim in defamation when the alleged defamatory remarks are libelous *per quod.* See for example *Knapp v. Post Co.,* 111 Colo. 492, at page 499, 144 P. (2d) 981 (1943); *Brown v. Barnes,* 133 Colo. 411, 296 P. (2d) 739 (1956).

In his brief plaintiff emphasizes the fact that the trial court denied defendant's original Motion to Dismiss for failure to state a claim upon which relief could be granted. Plaintiff argues that if the complaint failed to state a claim at this stage of the proceedings the trial court should have so ruled. The denial of defendant's Motion to Dismiss, plaintiff argues, was in effect a ruling by the trial court that the complaint was sufficient on its face even without the averment of special damages; therefore the trial court erred in subsequently dismissing the action.

█ We fail to see merit in this argument. Since special damages are an essential element of an action for libel *per quod, Knapp,* supra; *Brown,* supra, plaintiff was required to specifically plead them. Having failed to do so the trial court could then have dismissed the plaintiff's complaint under Rule 12(b) (5), R.C.P. Colo., for failure to state a claim upon which relief could be granted; however, this is not to say that the trial court

was bound to dismiss the action at that stage of the pleadings.

■ Colorado's Rules of Civil Procedure are designed to dispense with ritualistic, common-law, forms-of-action pleading. For instance, Rule 2, R.C.P. Colo., provides that "there shall be one form of action to be known as 'civil action.'" Rule 8 (e) (1), R.C.P. Colo., provides, *inter alia,* that no technical forms of pleading are required. Under Rule 8 (a), R.C.P Colo., the essential element of a complaint (for purposes of the issue under discussion) is "a short and plain statement of the claim showing that the pleader is entitled to relief." In view of our liberal policy under these rules of dispensing with the overly technical aspects of common-law pleading, the trial court had the discretion to allow the plaintiff the opportunity of supplying the essential allegation of special damages by a More Definite Statement; it was not bound to dismiss the complaint entirely under the circumstances. See 2 *Moore, Federal Practice* 2306 (1960). The granting of defendant's Motion for a More Definite Statement and the denial of defendant's original Motion to Dismiss in no way implied that the allegation of special damages was not essential to plaintiff's claim. The trial court merely afforded plaintiff an additional opportunity of remedying what it considered to be a fatal defect in his complaint.

Since plaintiff's More Definite Statement failed to set forth with particularity the special damages essential to his claim for relief, and plaintiff thereafter refused the court's offer of an additional opportunity to remedy his defective pleadings, the trial court's action in dismissing the complaint under Rule 12 (e), R.C.P. Colo., was entirely proper if the alleged defamatory statements set forth in plaintiff's complaint were libelous *per quod.*

This brings us to the crucial issue of whether the statements in question constituted libel *per se* or libel *per quod.*

■ At the early common law all libel, of whatever

kind, was actionable without the pleading or proof of special damages. Gradually, however, there developed in American jurisprudence a distinction between libel *per se* and libel *per quod* to the effect that any libel which carried its defamatory imputation on its face was actionable without an allegation or proof of damages. See for example *McKenzie v. The Denver Times,* 3 Colo. App. 554, 34 Pac. 577 (1893). But any libel which did not carry such imputation on its face was held to be actionable only where special damages were pleaded and proved. *Knapp,* supra; *Brown,* supra. Later, further gloss was added to this area of the law, and today the rule accepted by the majority of courts may be stated as follows:

"Any libel which carrie[s] its defamatory imputation upon its face [is] still held to be actionable without proof of damage. But any libel which [does] not [is] held to be actionable only where slander would be actionable — which is to say, when special damage was pleaded and proved, or the case fell into one of the four exceptional slander categories, of the imputation of crime, loathsome disease, defamation affecting business, or unchastity on the part of a woman." *Prosser, "Libel Per Quod,"* 46 Va. L. Rev. 838, 844 (1960).

We point out here that Dean Prosser in the article above cited states that all of this rule is applicable in Colorado on the basis of *Knapp,* supra. A careful reading of the *Knapp* case indicates that not all of the quoted rule is extractable therefrom, the reason being that in *Knapp* it was not necessary to determine the exceptions based on slander *per se* and the court did not do so, nor do we do so now though we do not disagree with it.

It is within the context of these principles that these alleged defamatory statements must be analyzed. The statements appeared on a Rating-Change Report of defendant concerning the financial condition of a Colorado corporation engaged in the retail jewelry business. Plaintiff contends that a libel is apparent on the face of

statements that the Rating-Change Report was "prepared from unaudited interim financial statement submitted directly by Harry Bernstein, CPA." and that " * * * Bernstein does not respond to request for interview."

 We cannot say that it is defamatory on the face of a commercial report to state that an accountant checked on a retail jewelry corporation and took its business accounts and entries at their face value. This, in effect, is all that the statement "prepared from unaudited interim financial statement" alleges. It must be remembered that to constitute libel *per se* the libelous elements must be clearly expressed in the printed article. See *Rocky Mt. News v. Fridborn,* 46 Colo. 440, 104 Pac. 956 (1909). And, in determining whether words are libelous they are to be given their ordinary and popular meaning. *Knapp,* supra, at 499; *Prosser, "Law of Torts,"* Second Edition (1955) at page 580. Nor is it apparent how the mere statement that a Rating-Change Report was prepared from an unaudited interim financial statement affords any imputation of incompetence, dishonesty, or misconduct which is incompatible with the proper conduct of plaintiff's profession or business. See generally *Prosser,* supra, at pages 590-92.

Also it requires no subtle analysis to conclude that there are countless, commendable reasons why one "does not respond to request for interview." This statement on its face does not import that plaintiff did not respond to *repeated* requests for interviews. It merely represents that one request was tendered which remained unanswered. This is not to say that if a statement alleges that plaintiff did not respond to repeated requests for interview, such statement would be libelous on its face or impute professional misconduct to plaintiff. We merely point out here that one can have many legitimate reasons for failing to respond to a single request for an interview, one reason being the normal exigencies of the commercial world. The statement was apparently inserted in the Rating-Change Report to explain the lack

of detailed and precise information about the retail corporation's financial condition. The statement is certainly not libelous *per se,* nor is there in this statement any imputation injurious to plaintiff's professional or business reputation.

[⑥] Thus, it is our conclusion that the statements set forth in plaintiff's complaint which allegedly constituted libel were neither libelous *per se* nor defamatory of plaintiff's business or profesional reputation. Consequently plaintiff had to allege, as he did, special application to him of the language used by way of inuendo, and in addition he had to allege, as he failed to do, special damages in order to state an actionable claim. Upon plaintiff's failure to supply the necessary requisite of special damages in either his Complaint or More Definite Statement, and upon plaintiff's subsequent refusal to submit an Amended Complaint or More Definite Statement setting forth such requisites, the trial court properly struck plaintiff's complaint and dismissed the action. The judgment is accordingly affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE HALL concurring.