484 P.2d 131 (1971)
INTER-STATE DETECTIVE BUREAU, INC., a Colorado corporation, Plaintiff in Error,
v.
The DENVER POST, INC., a Colorado corporation, Defendant in Error.
No. 70-655. (Supreme Court No. 24053.)
Colorado Court of Appeals, Div. I.
March 23, 1971.
Rehearing Denied April 13, 1971.
*132 Litvak & Litvak, Alan Karsh, Denver, for plaintiff in error.
Van Cise, Freeman, Tooley & McClearn, Edwin P. Van Cise, Charles Goldberg, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is a libel action brought against The Denver Post, Inc., the publisher of The Denver Post, a daily newspaper of general circulation. Inter-State Detective Bureau, Inc., plaintiff in the trial court, prosecutes this writ of error seeking reversal of a judgment in favor of defendant entered upon a verdict directed by the trial court.
The article upon which this action is based was published in The Denver Post of August 21, 1966, and is as follows:
"TWO THIEVES GET CAR, $8,500 IN JEWELRY
"An east Denver woman reported to police Friday that two men who confiscated her car Aug. 13 also drove off with $8,500 worth of her jewelry  and the jewel box.
"The woman also told Patrolman W. G. Garson that the men posed as FBI agents when they came to her door to tell her they had confiscated her 1965 Cadillac.
"Elizabeth Ann Ames, 880 Cherry St., reported that the men had told her they were representing the `Interstate Detective Agency' for the First National Bank of St. Petersburg, Fla.
"After contacting her attorney in Florida, she was able to compile an inventory of the missing jewelry, Garson said.
"Missing were a platinum pin, set with sapphires and diamonds and valued at $1,500; one platinum wedding ring with matched diamonds, $1,000; a solitaire diamond weighing between 3.5 and 3.75 carats and set in a platinum mounting, $3,500; another platinum ring set with diamonds, $2,500, and a hand-tooled Italian leather jewel box valued at $5."
The article was based upon information obtained by a Denver Post reporter from a Denver Police Department offense report. This report was made in the usual course of police procedures and was signed by Mrs. Ames.
No criminal prosecution was ever instituted against anyone based upon the alleged offense contained in the report.
Plaintiff Inter-State Detective Bureau, Inc., in its complaint, alleged that the article was published of and concerning plaintiff; that defendant meant by said article *133 "that the Plaintiff was a thief, that Plaintiff had represented itself as FBI agents [sic]"; and that the article was false. The complaint alleged general damages only and was dismissed for failure to state a claim. Plaintiff then amended its complaint to allege special damages and, after defendant's answer, the case was tried to a jury. The court again ruled as a matter of law that the article was not libelous per se. The court further ruled, at the close of plaintiff's evidence, that plaintiff had failed to prove special damages and that plaintiff had, therefore, failed to establish a case of libel per quod.
The first issue in this case is whether, as plaintiff contends, the article constituted libel per se.
The distinction between libel per se and libel per quod is that to be libel per se the libel must carry its defamatory imputation on its face and is actionable without an allegation or proof of damages; but any libel which does not carry such imputation on its face is libel per quod and is actionable only where special damages are pleaded and proved. Bernstein v. Dun and Bradstreet, Inc., 149 Colo. 150, 368 P.2d 780; Brown v. Barnes, 133 Colo. 411, 296 P.2d 739; Knapp v. Post Printing and Publishing Co., 111 Colo. 492, 144 P.2d 981.
Whether a writing is libelous per se is a legal question to be determined as a matter of law by the court. See Lininger v. Knight, 123 Colo. 213, 226 P.2d 809 and Republican Publishing Co. v. Miner, 3 Colo.App. 568, 34 P. 485.
In evaluating an article which is said to be libelous per se, the court must interpret the article alone, without the aid of inducements, colloquialisms, innuendos, and explanatory circumstances. To be libelous per se, the publication must contain defamatory words specifically directed at the person claiming injury, which words must, on their face, and without the aid of intrinsic proof be unmistakably recognized as injurious. Lininger v. Knight, supra.
The article in question here is not, on its face, libelous of the plaintiff. The words of the article standing alone do not charge the plaintiff corporation with the commission of a crime. To show that the article was defamatory to the plaintiff, it was necessary for plaintiff to allege, by way of innuendo, that the words were published "of and concerning the plaintiff," and that the defendant meant by said words that "plaintiff was a thief." The office of an innuendo in pleading is to explain the defendant's meaning in the language employed, and also to show how it relates to the plaintiff when that is not clear on its face. Republican Publishing Co. v. Miner, supra. Words which require an innuendo are not libelous per se. Knapp v. Post Printing and Publishing Co., supra.
The trial court was correct in ruling as a matter of law that the article was not libelous per se.
Plaintiff also contends that the court erred in ruling at the pre-trial conference that plaintiff could not offer evidence at trial of the loss of private detective or collection business because plaintiff was not licensed to engage in such businesses.
Plaintiff concedes that it did not have the licenses required by the statutes of the State of Colorado to engage in these businesses. Plaintiff also concedes the rule that an unlicensed person cannot recover for services performed in a business or occupation requiring a license. In this state, this rule has been applied to an unlicensed plumber, Carter v. Thompkins, 133 Colo. 279, 294 P.2d 265; an unlicensed real estate broker, Benham v. Heyde, 122 Colo. 233, 221 P.2d 1078; and an unlicensed attorney, Hittson v. Browne, 3 Colo. 304. Plaintiff claims that this rule is not applicable to tort claims, but is limited to contract claims. Whatever the rule may be as to tort claims, the rule, in general, is applicable to actions for libel in which special damages are claimed. See Williams v. New York Herald Co., 165 App.Div. 529, 150 N.Y.S. 838. Accordingly, the trial court was correct in ruling that plaintiff could not offer evidence of loss of detective business or collection business.
*134 The plaintiff further contends on this appeal that the trial court improperly held that the article in question was privileged. It is unnecessary to consider this argument because the judgment of the trial court is affirmed on the basis that the alleged libel was per quod and not per se, and that plaintiff was not entitled to recover because it failed to show special damages.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.