517 P.2d 1353 (1973)
Troy W. PARIS, Plaintiff-Appellant,
v.
DIVISION OF the STATE COMPENSATION INSURANCE FUND, State of Colorado, Department of Labor and Employment, and Beatrice E. Simons, Individually and as a supervisor of the Division of the State Compensation Insurance Fund, State of Colorado, Department of Labor and Employment, Defendant-Appellee.
No. 72-276.
Colorado Court of Appeals, Div. II.
September 25, 1973.
Rehearing Denied October 24, 1973.
Certiorari Denied December 4, 1973.
*1354 Blewitt, Bisbee & Geil, John H. Bisbee, Boulder, for plaintiff-appellant.
Akolt, Dick, Rovira, DeMuth & Eiberger, John P. Akolt, John P. Akolt, Jr., Denver, for defendant-appellee Beatrice E. Simons.
Not Selected for Official Publication.
SMITH, Judge.
Plaintiff, Troy W. Paris, brought this action to recover damages from defendants, Division of State Compensation Insurance Fund and Beatrice E. Simons, alleging that defendants had published a statement concerning plaintiff that constituted libel per se, and constituted the intentional infliction of emotional distress. Prior to trial, judgment was entered dismissing the complaint against the State Compensation Insurance Fund. After a trial to the court judgment was entered in favor of defendant Simons. Plaintiff has appealed this judgment. We affirm.
Plaintiff, a paraplegic, was employed as an underwriter for the State Compensation Insurance Fund. In July 2, 1969, plaintiff's supervisor, defendant Simons, delivered to plaintiff a letter of reprimand which noted certain deficiencies in plaintiff's performance of his duties. The letter was typed by defendant's secretary, and a copy was sent to defendant's supervisor at the State Fund. The letter contained the following statement which is the basis of this action: "You must realize your job was created for you because of your handicap." The trial court concluded that this statement did not constitute libel per se, and plaintiff asserts on appeal that this was error.
Plaintiff argues that the statement in question constitutes libel per se because it impugns his capacity and fitness to perform his occupation. A publication of words which injuriously affects the profession, business, or employment of a person by imputing to him want of capacity or fitness to perform duties thereof is actionable per se. Jacobs v. Transcontinental & Western Air, Inc., 358 Mo. 674, 216 S.W. 2d 523, 6 A.L.R.2d 1002.
Whether a writing is libelous per se is a legal question to be resolved as a matter of law by the court. Inter-State Detective Bureau, Inc. v. Denver Post, Inc., 29 Colo.App. 313, 484 P.2d 131. In evaluating a statement alleged to be libelous per se, the court must interpret the statement alone, without the aid of inducements, colloquialisms, innuendoes, and explanatory circumstances. Inter-State Detective Bureau, Inc. v. Denver Post, Inc., supra. To be libelous per se, the publication must contain defamatory words specifically directed at the person claiming injury, which words must, on their face, and without aid of intrinsic proof, be unmistakenly recognized as injurious. Lininger v. Knight, 123 Colo. 213, 226 P.2d 809.
The words in question here are not on their face libelous of plaintiff. The statement in the letter of reprimand, standing alone, does not charge plaintiff with a lack of capacity or fitness to perform his assigned duties. Indeed, it could mean merely that his duties and work requirements were designed with his physical limitations in mind. In order to establish that the statement was defamatory, it would have been necessary for plaintiff to explain by innuendo the defendant's meaning of the words employed. Words which require an innuendo are not libelous per se. Knapp v. Post Printing & Publishing Co., 111 Colo. 492, 144 P.2d 981. Thus, the trial court correctly ruled as a matter of law that the statement was not libelous per se.
Since defendant's statement did not constitute libel per se, it is unnecessary to consider plaintiff's other contentions concerning his claim for libel.
*1355 Plaintiff contends that the trial court erred in finding against him on his claim for damages for intentional infliction of emotional distress. Plaintiff argues that defendant's inclusion of the statement that plaintiff's job was created for him because of his handicap in the letter of reprimand intentionally caused him severe emotional distress and was sufficient to establish liability. Our Supreme Court in Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753, acknowledged the right to recover damages for severe emotional distress, without any accompanying physical injuries, in cases involving intentional, extreme and outrageous conduct. The court recognized the limitation set forth in Restatement (Second) of Torts, § 46, Comment d at 73 (1965):
"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'"
Whether the defendant's conduct was sufficient to establish intentional infliction of emotional distress is a matter to be resolved by the trier of facts. See Rugg v. McCarty, supra. The trial court found against plaintiff on this issue. The credibility of the witnesses, the sufficiency, probative effect, and weight of all the evidence, and the inferences and conclusions to be drawn therefrom, were all within the province of the trial court whose conclusions will not be disturbed on review unless so clearly erroneous as to find no support in the record. Adler v. Adler, 167 Colo. 145, 445 P.2d 906. The findings of the trial court, being supported by the record, will not be disturbed on review. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537.
Since we find no liability, plaintiff's contentions which relate to the issue of damages are immaterial to the disposition of this case. See Schlesselman v. Gouge, 163 Colo. 312, 431 P.2d 35; Schell v. Kullhem, 127 Colo. 555, 259 P.2d 861.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.