Barry J. LIND, Plaintiff-Appellant,

v.

Bill O'REILLY and McGraw-Hill Broadcasting Company, Inc., Defendants-Appellees.

No. 81CA0210.

Colorado Court of Appeals, Div. II.

Aug. 6, 1981.

Rehearing Denied Aug. 27, 1981.

Certiorari Denied Nov. 23, 1981.

Martin H. Kahn, Aspen, for plaintiff-appellant.

Holme, Roberts & Owen, Richard L. Schrepferman, Jeffrey A. Chase, Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiff, Barry J. Lind, appeals a summary judgment dismissing his libel action against defendants McGraw-Hill Broadcasting Company, Inc., owner and operator of KMGH–TV, and Bill O'Reilly, a news reporter employed by McGraw-Hill. We affirm.

Plaintiff claimed that he was libeled by a statement made and a film shown in the course of a three minute report by O'Reilly, broadcast by KMGH–TV, concerning alleged illegal drug activities in Aspen, Colorado. The statement was:

> "The lack of undercover work is comforting to big-time drug dealers, many of whom are building expensive homes like these on Red Mountain."

At the time the statement was made, the film, which ran for approximately three and one-half seconds, showed three homes, one of which was plaintiff's and was under construction. Plaintiff was not in the film, and there was nothing to indicate that the home shown belonged to the plaintiff. In his complaint, plaintiff averred that this statement and accompanying film "imputed criminal activity on the part of plaintiff and were therefore defamatory."

The trial court granted defendants' motion for summary judgment and dismissed the action. We agree with the result.

■ A published statement or picture, or both, is libelous *per se* if it is defamatory on its face, *Bernstein v. Dun & Bradstreet, Inc.*, 149 Colo. 150, 368 P.2d 780 (1962); *Knapp v. Post Printing & Publishing Co.*, 111 Colo. 492, 144 P.2d 981 (1943), such that no extrinsic evidence is necessary to show either its defamatory nature or that it is of and concerning the plaintiff. *Lininger v. Knight*, 123 Colo. 213, 226 P.2d 809 (1951); *Inter-State Detective Bureau, Inc. v. Denver Post, Inc.*, 29 Colo.App. 313, 484 P.2d 131 (1971).

■ Here, neither the statement nor picture were libelous *per se*. The person referred to can be ascertained only by pleading an innuendo and by extrinsic proof. *Lininger, supra.* Further, neither the statement nor film contain words or pictures which, on their face and without the aid of innuendo or extrinsic proof, can be recognized as defamatory.

■ Not being libelous *per se*, the statement or picture must, if libelous at all, be libelous *per quod*, and they are therefore actionable only if special damages are pleaded and can be proved. *Bernstein v. Dun & Bradstreet, Inc., supra; Brown v.*

*Barnes,* 133 Colo. 411, 296 P.2d 739 (1956); *Knapp v. Post Printing & Publishing Co., supra.*

■ "Special damages" are limited to specific monetary losses, if any, which a plaintiff incurs as the result of publication of statements or pictures by a defendant. Special damages do not include injuries to a plaintiff's reputation or feelings which do not result in specific monetary loss. *Colo. J.I.* 22:11 (2d ed. 1980); *Brown v. Barnes, supra.* They "must result from the conduct of a person other than the defamer or the one defamed and must be legally caused by the defamation." *Restatement (Second) of Torts* § 575, Comment b.

■ The allegation in plaintiff's complaint that "plaintiff has suffered actual and presumed damages in the amount of $150,000.00" is insufficient to meet the requirements of pleading special damages. The most that plaintiff could produce as proof of damages, as indicated in the depositions and answers to interrogatories, was that, because of his emotional distress, he made less than his usual profit from investment decisions made by him. He neither averred nor offered proof that as a result of the alleged defamation any third person refused to deal with him, or dealt with him in any different manner. Therefore, any damage claimed to have been suffered was not "special damage" as that term is used in the law of defamation.

Judgment affirmed.

ENOCH, C. J., and KELLY, J., concur.