24CA0416 Tafoya v Borns 06-05-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0416
Lincoln County District Court No. 23CV4
Honorable H. Clay Hurst, Judge

Stephanie Louise Tafoya and Stuffy's Ride Service, LLC, a Colorado limited
liability company,

Plaintiffs-Appellants,

v.

Gary Borns and Tricia Borns,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE HARRIS
Fox and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 5, 2025

Earl & Earl, PLLC, Collin J. Earl, Ryan T. Earl, Brian E. Hefner, Colorado
Springs, Colorado, for Plaintiffs-Appellants

No Appearance for Defendants-Appellees

¶ 1      Plaintiffs, Stephanie Louise Tafoya and Stuffy's Ride Service, LLC, appeal the dismissal of their defamation complaint against the defendants, Tricia and Gary Borns. We affirm.

## I. Background

¶ 2      In the midst of an intense neighbor dispute, Tafoya and Stuffy's filed a complaint against the Bornses alleging the following facts:

- In April 2023, Tricia Borns "filed a restraining order, which she ultimately dropped," claiming that Tafoya's service animal was dangerous. The police went to Tafoya's home, which "affect[ed] her business in a negative manner."

- Stuffy's received complaints about its owner, Chris Rosado, "regarding supposed speed." As a result, the police went to Tafoya's house for "unfounded follow-up and harassment."

- On May 7, 2023, Tricia Borns posted a statement to Facebook.

  > So interesting to me how "Stuffy's Delights" "Stuffy's Ride Service" (LLC IN Chris Rosado Sr. Name,,,, Probably because, " Stuff of what we don't know" whatever she goes by cannot get the business in her "own name for " Mysterious reasons" I'm sure…. (Stephanie Tafoya, aka. Stephanie Ortiz, Stephanie Rosado). (Depends on what she is "using the name for "can post bogus stuff about other people and then remove the comments from other people trying to remind her maybe, just maybe, they need to "check themselves, and their actions" to figure out why they cannot be productive members of society.

¶ 3      Tricia Borns then left a comment to the post.

> " ALICIA ANN DOWNING"
> She needs a damn job, life, hobby…..something. So sorry you are going threw this!
> "TRICIA BORNS"
> Thank you. We agree she has a "transportation business" but smokes weed 100% of the time….. she introduced herself when she moved here as "a stoner" we smell it. Rolling from her house 24/7. Not sure how THAT works.

- "Upon information and belief," Gary Borns, at the behest of Tricia Borns, "on more than one occasion spoke negatively about" Tafoya and Stuffy's.

- In July 2023, Linda Kerns and her granddaughter heard Tricia Borns "talking poorly about" Stuffy's "to individuals in the community."

- The Bornses have "attacked Plaintiff Tafoya to friends and other individuals in the community using false complaints to the Marshall office" to bully Tafoya and "wreck her business reputation."

The complaint asserted claims for libel, trade libel, and slander.

¶ 4    The Bornses moved to dismiss the complaint under C.R.C.P. 12(b)(5) for failure to state a claim for relief.  The district court granted the motion, concluding that the statements identified in the complaint are non-defamatory "constitutionally protected opinion speech" based on "the forum [on] which they are posted, the language that was used, and the context of the post."

2

## II.    Discussion

¶ 5     Tafoya and Stuffy's contend that the complaint plausibly stated claims for defamation, defamation per se, and trade libel/disparagement, and, therefore, the district court erred by dismissing it.  We disagree.

### A.    Legal Principles

¶ 6     Defamation is a communication that holds an individual up to contempt or ridicule, thereby causing injury or damage.  *Jogan Health, LLC v. Scripps Media, Inc.*, 2025 COA 4, ¶ 21.  The tort of defamation consists of two types of communication — libel and slander.  *Keohane v. Stewart*, 882 P.2d 1293, 1297 n.5 (Colo. 1994).  Libel is usually a written communication while slander is generally an oral communication.  *Id.*

¶ 7     To prevail on a defamation claim, the plaintiff must prove (1) a defamatory statement by defendant concerning the plaintiff; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the defendant; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication.  *Jogan Health*, ¶ 21; CJI-Civ. 22:5 (2025).

¶ 8    A statement is defamatory per se if the defamatory meaning is apparent from the face of the publication without resort to extrinsic proof and it is specifically directed at the plaintiff. *Gordon v. Boyles*, 99 P.3d 75, 79 (Colo. App. 2004). The traditional categories of defamation per se include imputation of a criminal offense or a matter incompatible with the individual's business or trade. *Id.*

¶ 9    To prove trade libel — commonly referred to as disparagement — the plaintiff must establish (1) a false statement; (2) published to a third party; (3) derogatory to the plaintiff's business; (4) through which defendant intended to cause harm to plaintiff's pecuniary interest or either recognized or should have recognized that it was likely to do so; (5) malice; and (6) special damages. *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 507 n.16 (Colo. 2004). A disparagement claim is subject to the law of defamation. *See Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 54 n.8.

¶ 10    Statements of opinion are generally not actionable defamation. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974). But there is no "wholesale defamation exemption for anything that might be labeled 'opinion.'" *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 18 (1990). Rather, the question is whether the statement contains a "provably

4

false factual connotation" and can reasonably be interpreted "'as stating actual facts' about an individual." *Id.* at 20 (citation omitted). Thus, the court must determine, first, if the statement is sufficiently factual to be susceptible of being proved true or false and, second, if reasonable people would conclude that the assertion is one of fact. *Keohane*, 882 P.2d at 1299; *see also Zueger v. Goss*, 2014 COA 61, ¶ 16 (applying this two-part test to statements uttered in a purely private context). In determining whether reasonable people would interpret the statement as factual, courts consider factors such as the phrasing of the statement, the context in which it appears, and the circumstances surrounding its publication, including the medium through which the information is disseminated and the audience to whom the statement is directed. *Keohane*, 882 P.2d at 1299.

¶ 11 Under this test, a statement that amounts to mere rhetorical hyperbole is not defamatory. *Wilson v. Meyer*, 126 P.3d 276, 280 (Colo. App. 2005). That is because rhetorical hyperbole is a statement that, considered in context, is "not intended to be understood in its literal sense." *Lane v. Ark. Valley Publ'g Co.*, 675 P.2d 747, 750 (Colo. App. 1983).

## B. Standard of Review

¶ 12    Under the plausibility standard adopted in *Warne v. Hall*, 2016 CO 50, ¶ 24, a claim is subject to dismissal unless the complaint's factual allegations are sufficient to "'raise a right to relief "above the speculative level," and provide "plausible grounds"' to create an inference that the allegations are true." *Walker v. Women's Pro. Rodeo Ass'n*, 2021 COA 105M, ¶ 37 (quoting *Warne*, ¶ 9).  Thus, the plausibility standard requires that the complaint "contain either direct or inferential allegations respecting all the material elements [of the claim] necessary to sustain a recovery under some viable legal theory." *Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 51 (citation omitted).

¶ 13    We review de novo the district court's dismissal of a complaint under C.R.C.P. 12(b)(5).  *Norton v. Rocky Mountain Planned*

*Parenthood, Inc.*, 2018 CO 3, ¶ 7.[1]  In doing so, we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff, but we do not accept as true bare legal conclusions.  *Id.*

¶ 14    Whether a statement is defamatory is a question of law.  *Fry v. Lee*, 2013 COA 100, ¶ 20.  Accordingly, we review de novo the district court's determination that a statement constitutes an opinion.  *Lawson v. Stow*, 2014 COA 26, ¶ 32.

C.    The Complaint Fails to State Claims for Defamation

¶ 15    In their brief on appeal, plaintiffs focus on the Facebook posting, which is the only alleged defamatory statement identified with any specificity in the complaint.  We turn there first.

¶ 16    The original post (as opposed to the comments) is somewhat unintelligible, and plaintiffs do not explain what part of the post is

---

[1] Plaintiffs say that in ruling on the motion to dismiss, the district court considered matters outside the pleadings and should have converted the motion to a motion for summary judgment.  *See Bristol Bay Prods., LLC v. Lampack*, 2013 CO 60, ¶ 46 ("Although a trial court may consider certain . . . records without converting a motion to dismiss into a motion for summary judgment, its power to do so is not unlimited.").  The district court's order does not indicate that it considered matters outside the pleadings and plaintiffs do not identify those matters, so we review the motion to dismiss under C.R.C.P. 12(b)(5).

defamatory. The post states, in part, that "Probably because, 'Stuff of what we don't know' whatever she goes by cannot get the business in her 'own name for 'Mysterious reasons' I'm sure . . . ." If this is the statement plaintiffs contend is defamatory, we disagree. That statement is presented as conjecture, not as fact, particularly when read in context. Overall, the post suggests that Tricia Borns was "venting her anger and frustration and is a signal that her words should not be taken literally." *Keohane*, 882 P.2d at 1301.

¶ 17    As for the comment below the post — that Tafoya "has a 'transportation business' but smokes weed 100% of the time" — we agree with the district court that the comment is not actionable because it constitutes an opinion — specifically, it amounts to rhetorical hyperbole.

¶ 18    No reasonable person would understand that comment as an assertion of fact — i.e., that Tafoya smokes marijuana twenty-four hours a day every day. To the contrary, the comment is the kind of "imaginative expression," *NBC Subsidiary (KCNC-TV), Inc. v. Living Will Ctr.*, 879 P.2d 6, 12 (Colo. 1994) (quoting *Milkovich*, 497 U.S. at 20), that can only be interpreted as overgeneralization and

8

exaggeration, *Keohane*, 882 P.2d at 1301 (overgeneralization and exaggerated terms signaled rhetorical hyperbole that should not be taken literally). *See also Wilson*, 126 P.3d at 280 (the phrase "undoubtedly paranoid" was rhetorical hyperbole that could not reasonably be viewed as an assertion of fact); *Neumann v. Liles*, 369 P.3d 1117, 1126 (Or. 2016) (description of a wedding venue as "[t]he worst wedding experience of [defendant's] life" was rhetorical hyperbole because it could not be understood as stating an objective fact); *Gold v. Harrison*, 962 P.2d 353, 356, 361 (Haw. 1998) (statement describing a violation of privacy as "being raped by all these people" was rhetorical hyperbole because it would not be understood by even the most casual reader as being true). Thus, the comment, considered in context, could not have been intended to be understood in its literal sense. *See Lane*, 675 P.2d at 750.

¶ 19    The statement that Tafoya "introduced herself when she moved here as 'a stoner'" implies a verifiable fact and could be understood that way. But being a "stoner" is not necessarily defamatory, and plaintiffs never claim that it is. They do not mention that part of the comment anywhere in their brief on appeal. At any rate, plaintiffs do not allege that this part of the

9

comment constitutes defamation per se, so they had to plead special damages resulting from that particular statement. Their complaint, though, says only that "Plaintiff has special damages because of Defendant's behavior." That conclusory allegation does not create a plausible inference that Tafoya has suffered a pecuniary loss as a result of Tricia Borns's statement that Tafoya introduced herself as a "stoner." *See, e.g.*, *Lind v. O'Reilly*, 636 P.2d 1319, 1321 (Colo. App. 1981) (an allegation that "plaintiff has suffered actual and presumed damages in the amount of $150,000" was insufficient to satisfy the requirements for pleading special damages); *Warne*, ¶¶ 9, 27 (conclusory allegations are not entitled to an assumption of truth and cannot raise a right to relief above the speculative level).

¶ 20    That brings us to the allegations of unspecified defamatory statements. Plaintiffs allege that "on more than one occasion" Gary Borns "spoke negatively" about Tafoya and Stuffy's; in July 2023, a woman and her granddaughter overheard Tricia Borns "talking poorly" about Stuffy's to "individuals in the community"; unidentified people complained to police that the owner of Stuffy's (a nonparty) was speeding; and Tricia and Gary Borns "have

10

personally attacked" Tafoya "to friends and other individuals" using false complaints to the "Marshall office."

¶ 21    While the plaintiff is not required "to quote each defamatory statement verbatim in its entirety," *Coomer v. Donald J. Trump for President, Inc.*, 2024 COA 35, ¶ 99, a defamation claim must be pleaded with "a certain degree of specificity," *Corporon v. Safeway Stores, Inc.*, 708 P.2d 1385, 1390 (Colo. App. 1985).  The problem with failing to specify the supposed defamatory statements is that, as pleaded, the alleged conduct is "equally consistent with non-tortious conduct," given that the statements could have been opinions.  *Warne,* ¶ 27.  (We do not address the allegation concerning attacks "to friends and other individuals" by way of "complaints to the Marshall office" because we do not understand it.)

¶ 22    Because none of the identified statements are actionable as defamation, we conclude that the district court properly dismissed plaintiffs' complaint.

### III.    Disposition

¶ 23    The judgment is affirmed.

JUDGE FOX and JUDGE SCHUTZ concur.