[No. 4062.]

CRIPPEN, TRUSTEE v. WHITE ET AL.

1. PRACTICE—PARTITION—INSUFFICIENCY OF PETITION—DISMISSAL—
   DEMURRER.

   In an action for partition, where the petition failed to state a cause
   of action and a demurrer was interposed and sustained to the petition
   and the action was dismissed, it is immaterial whether or not a demur-
   rer was a proper pleading in such an action or whether it be treated
   as an answer admitting the averments of the petition, if the petition
   failed to state a cause of action it could not be maintained and was
   properly dismissed.

2. WATER RIGHTS—RIPARIAN RIGHTS—COMMON LAW.

   The act of 1861 adopting the common law was limited to the extent
   that it was applicable to our conditions. The law of necessity rendered
   the common law doctrine of riparian rights wholly inapplicable in this
   jurisdiction and required its abrogation, so that notwithstanding the
   declaration of the statute it has never been recognized as controlling in
   the matter of water rights.

3. WATER RIGHTS—STATUTORY CONSTRUCTION.

   The act of 1861 providing that all persons who own or hold a
   possessory right to any land on the bank, margin or neighborhood of

any stream of water should be entitled to the use of the water of said stream, for the purposes of irrigation; does not purport to vest title to water in a stream in the owner of lands thereon, but its object was to secure to such owners the right to divert water for the purpose of irrigation.

4. WATER RIGHTS—PARTITION.

Owners of priority of rights to divert water from a stream are not owners of water in the stream so as to maintain an action for partition of the water of the stream.

*Appeal from District Court of Chaffee County.*

This is an action, as designated by counsel for appellant, who instituted this proceeding in the court below, to partition the waters of the South Arkansas river for irrigation purposes between appellant, as plaintiff, and the appellees, as defendants. In addition to those named, "the general public of the state of Colorado, et al., as possible claimants who are at present unknown to plaintiff," were made defendants. The petition filed by plaintiff states, in substance, that he is the owner in trust of certain lands situate upon the margin of this stream, which were settled upon by his remote grantor in 1872; that for the purpose of irrigating such lands, a ditch was constructed · and the waters of the stream applied thereon since 1873. For a similar purpose a second ditch was taken out and water from the stream applied on such lands since 1874. That plaintiff has succeeded to the rights so initiated, and by reason of the application of the water from this stream to the lands in question and the situation of such lands with respect to the stream, he has become the owner, in common with the people or general public of the state of Colorado, of an undivided property right in and to the volume of water in the stream equal to the carrying capacity of the two ditches. He then proceeds to state that other named defendants have like rights to the waters of such stream by reason of the situation of their lands, and the diversion of water, some of which are inferior and others

paramount to his; that certain other defendants claim an interest in the waters of the stream; that the lands upon which they apply the same are not situate thereon, but upon the margin of another; that the people of the state, by virtue of section 5, art. 16 of the constitution (quoting from the petition) "are owners in common with the plaintiff, et al, of such an individed part and portion of the waters of said natural stream as may remain unappropriated, after setting apart to plaintiff, et al., such quantity of the waters of said stream as may be sufficient to irrigate their said lands along the margin thereof, as located under the provisions of said territorial statutes, and no more;" that certain other defendants, naming them (again quoting from the petition) "are each dependent for title upon the title to such remainder of the waters of said stream as may have been acquired by the general public, as before stated, and from which source only they and each of them derive title, if any they have, and are lessees in common with each other from the state of Colorado, and are not parties at interest as owners in common of a property right in the waters of said stream equal in character to that of plaintiff, et al., and are, therefore, not entitled to water rights from said stream until paramount titles are determined, partitioned and set apart, as provided by law, for the partition of other property." To this petition the defendants named (except Van Kleeck) interposed a general and special demurrer. Plaintiff then moved for a judgment on the pleadings, which was denied, the demurrer sustained, and the action dismissed.

The act of the territorial legislature upon which, in a measure, at least, plaintiff relies to maintain this action, reads as follows:

"That all persons who claim, own or hold a possessory right or title to any land or parcel of land within the boundary of Colorado territory, as defined in the organic act of said territory, when those claims are on the bank, margin or

neighborhood of any stream of water, creek or river, shall be entitled to the use of the water of said stream, creek or river for the purposes of irrigation, and making said claims available to the full extent of the soil for agricultural purposes." Laws 1861, p. 67.

The laws of 1861, p. 35, provided that the common law of England, so far as applicable, should be considered in full force until repealed by legislative authority.

Mr. J. B. McCoy, and Messrs. HODGES, WILSON & HODGES for appellant.

Mr. L. A. HOLLENBECK and Mr. WALLACE SCHOOLFIELD for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Counsel for plaintiff, who originally instituted this action and had charge of the proceedings below, states in his brief, filed on behalf of appellant, that this is "an action for the partition of the waters of a non-navigable natural stream, to-wit: the South Arkansas river" between the parties to this action. The only rights involved relate to those for the purposes of irrigation. The claim being that it is a suit in partition, the only question necessary to determine is, whether or not it states facts sufficient to constitute an action of that character, or upon which it can be maintained. It is contended by counsel for appellant that an action in partition is a special proceeding, and therefore a demurrer could not properly be interposed, but inasmuch as it was, it should be treated as an answer admitting the averments of the pleading to which it was directed. For this reason it is urged that the motion for judgment should have been sustained It is immaterial how the plea interposed on behalf of defendants shall be treated, for, regardless of what particular rules of pleading shall govern, in cases of this character, the

fact still remains that in an action for partition, if the peti-
tion does not state a cause of action, it certainly cannot be
maintained. The theory of counsel for appellant appears to
be that by virtue of the ownership of lands lying along this
stream, the title to which was acquired prior to the adoption
of the present state constitution and the declaration of the
act of 1861, adopting the common law so far as applicable,
that title to the waters of such stream has vested in the own-
ers of these lands. The adoption of the common law by the
territorial legislature of 1861 was limited to the extent that
it was applicable to our conditions. The law of necessity
rendered the common law doctrine of riparian rights wholly
inapplicable in this jurisdiction, and as has frequently been
stated, required its abrogation; so that, notwithstanding the
declaration of the statute, it has never been recognized as
controlling in the matter of water rights. It has always been
the settled doctrine of this court that 'an appropriator of
water from a natural stream acquires a right to divert a
specific volume of water in that stream under well-known
restrictions, and not title to a specific volume of water there-
in. Priority of appropriation for a beneficial purpose is the
test by which this right is measured, as against others tak-
ing water from the same natural source. The petition as
framed recognizes this. It is averred that certain parties
owning lands upon the South Arkansas river have acquired
rights in the waters thereof by virtue of actual appropria-
tion to a beneficial use, some of which are inferior, and
others superior, to the rights of plaintiff. It is also averred
that others diverting waters from this stream claim rights
which are dependent, not upon the date of appropriations,
but on the fact that the lands upon which such water is
utilized are located within another water shed. The act of
1861 does not purport to vest title to water in a stream in the
owner of lands thereon. Its object was to secure to such
owners the right to divert water for the purposes of irriga-

tion; so that it is clear from the averments of the complaint itself, as well as the language of the act of 1861 and the former adjudications of this court, that the rights under this act, so far as they relate to irrigation, are limited to a diversion from the stream for that purpose, and vest no title to any given quantity of water flowing therein. *Coffin v. Left Hand Ditch Co.*, 6 Colo. 443; *Thomas v. Guiraud*, 6 Colo. 531; *Hammond v. Rose*, 11 Colo. 524.

Priorities in the stream, therefore, are only involved. According to the facts of this case, as detailed in the petition, the right which plaintiff has to divert a given volume of water from the river is not one in which the other parties to this proceeding have any interest whatever, and so with the priorities which the defendants may have acquired. Partition certainly cannot be had of property which is not owned jointly by two or more. It appears, then, there is nothing which is the subject of division in a partition suit. Plaintiff does not claim, or attempt to assert, any right except one, which might be the subject of partition; so, conceding that it may appear from the averments of the petition that he is entitled to certain priorities in the waters of the stream, he does not state a cause of action in partition, and his action was properly dismissed. The judgment of the district court is affirmed.

*Affirmed.*