[No. 3368.]

KOBEY v. EDDY.

1. SLANDER—*Defamation of One in His Calling.* Words falsely and maliciously spoken of a merchant, to those from whom he purchases goods, by one who owes them no duty, and of whom they have made no request for information, charging or insinuating that the merchant spoken of is in failing circumstances, afford an action of slander.

*Appeal from Pitkin District Court.* HON. JOHN T. SHUMATE, Judge.

Mr. HAROLD W. CLARK and Mr. HENRY C. ROGERS, for appellant.

Mr. THOMAS A. RUCKER, Mr. LYMON H. HAYS and Mr. J. GRATTON O'BRIEN, for appellee.

*Per Curiam.*—This is an action for slander. Appellee, Eddy, whom we shall refer to hereafter as plaintiff, and appellant, Kobey, to whom we shall hereafter refer as defendant, during the year 1906, were rival merchants in the town of Aspen. The plaintiff, in his complaint, charges that the defendant uttered certain slanderous words of and concerning him, said words being spoken to wholesale dealers with whom the plaintiff was accustomed to trade, and that these words were spoken by the defendant for the purpose of injuring the plain-

tiff's credit. It is not necessary to encumber the record by setting out the language in detail, or giving further facts. It is sufficient to say that the language which it is charged that the defendant used, was well calculated to injure plaintiff's credit, and the jury were warranted in finding that the defendant did use the language charged in the complaint, and that his purpose in so using it was to injure the credit of his rival, the plaintiff. The answer was a general denial, nothing more. It is plain from a reading of the record that the defendant owed no duty to the dealers with whom he communicated concerning plaintiff's financial standing, and commercial conduct; was not, in fact, even a customer of any one of them, nor had the aforesaid dealers requested any information from the defendant. Therefore, his action in making the unkind insinuations of and concerning plaintiff's financial standing were wholly gratuitous. Besides being a merchant, defendant is a member of the bar of this state. From this fact, and from the further fact that in all of his statements made concerning plaintiff, he spoke in the most guarded terms, insinuating, rather than directly charging, what he evidently desired plaintiff's creditors to understand, indicates clearly that he fully realized his moral terpitude, and the legal liability which a direct charge might entail. In most, if not all, of the statements made by defendant to plaintiff's various creditors, he charged, among other things, that plaintiff was selling goods below cost, and both in his brief and on oral argument, appellant strenuously contends that this is not *per se* or necessarily slanderous. Appellant wholly misconceives the gravamen

of the complaint if he believes, as he professes to do, that the statement that plaintiff was selling goods below cost was the real substantive charge made against him. The actual wrong alleged was the representation that the plaintiff was in a failing condition, and could never, or would never pay his creditors what he owed them. The reference to the price at which he was selling goods was but incident to the main charge.

Practically all of the contentions made by appellant in this court, going to questions of procedure in the trial court, are either without merit or cannot be urged here because of the insufficiency of the record. No close questions of law are presented, as we view it, hence no good purpose would be served by entering into a lengthy discussion of the numerous contentions advanced by appellant. Objections urged to the refusal of the court to hear dilatory motions, which had been preceded by a general demurrer, and to the prejudice of jurors, to whom counsel for appellant had propounded no questions whatever on their *voir dire* examination, especially when the record discloses that the jurors frankly confessed that they entertained prejudice, and the objection that the complaint stated several causes of action, when no motion was made asking that the said causes of action, if in fact more than one was stated, should be set forth separately, cannot be considered, for reasons too elementary to justify discussion. The so-called abstract of record is utterly insufficient to enable this court to properly review the case, and the assignments of error, in many respects, are quite insufficient. However, we do not base our affirmation of the judgment be-

low upon the insufficiency of the abstract, since the entire record has been carefully examined.

While the direct testimony of the damage sustained by the plaintiff in dollars and cents is meager, it does appear from the record that one of the dealers, viz.: Swofford Brothers, of Kansas City, on the strength of the statements made to them by defendant, held up an order of the plaintiff for a month or six weeks, and caused the plaintiff to come on to Kansas City for an interview with them with reference to his financial condition.

We believe the judgment was warranted by the evidence, and that the record is free from error that would or could substantially prejudice the rights of the defendant. The judgment, therefore, must be affirmed.

Decided January 8, A. D. 1912.   Rehearing denied March 11, A. D. 1912.