WILLIAM HERMAN *vs.* EDWARD M. POST.

Third Judicial District, New Haven, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE AND KEELER, JS.

Words spoken of a merchant which impute to him mercantile dishonesty, are slanderous *per se.*

To call a merchant "a crook" in the hearing of others, may be actionable *per se;* but not if the context shows, as in the present case, that the epithet was used merely to describe one who owed money and was compelled to leave town for that reason. Under those circumstances no recovery can be had without allegation and proof of special damage.

Submitted on briefs January 19th—decided April 18th, 1923.

ACTION to recover damages for alleged slander, brought to and tried by the District Court of Waterbury, *Makepeace, Deputy-Judge ;* facts found and judgment rendered for the plaintiff for $30, and appeal by the defendant. *Error: judgment to be entered for defendant.*

*James A. Peasley*, for the appellant (defendant).

*Timothy S. Sullivan* and *Edward B. Reiley*, for the appellee (plaintiff).

PER CURIAM. The complaint alleged that the plaintiff was, and for some time past had been, a merchant carrying on the business of a general retail store, and

that the defendant said concerning the plaintiff, as such merchant, in the hearing of other persons: "He is a crook, he was put out of every place he was in because he owed money, and I can prove that he was put out of Woodbury because he owed money." There were no sufficient allegations of special damage.

Defendant admitted that the plaintiff was a merchant, and denied speaking the words alleged. The court gave judgment for the plaintiff in the sum of $30 damages and costs; and found, as facts, that the defendant spoke the words alleged concerning the plaintiff as such merchant in the presence of others, and that they were false and malicious. It also states as "conclusions," that the words were spoken concerning the plaintiff as a merchant, and that they were uttered in the presence of others intentionally and deliberately, and were false and malicious *per se.*

The assignment of error is, that the court erred in holding as a matter of law that the words were slanderous and actionable *per se.*

There is no motion to correct the finding and it must stand; and the only question is whether the words were slanderous *per se* when spoken of the plaintiff as a merchant. Words spoken of a merchant which impute to him dishonesty as such merchant are slanderous *per se.  Yakavicze* v. *Valentukevicious,* 84 Conn. 350, 80 Atl. 94. Whether they were spoken of the plaintiff in his character as a merchant was a question of fact, and on that point the finding is conclusive.

The real issue in the case is whether the words charged and proved, taking them together, amount on their face to a charge of mercantile dishonesty. The word "crook," when spoken of a merchant in respect to his mercantile transactions, is capable, taken by itself, of imputing dishonesty; but the context cannot be ignored, and in the absence of any *innuendo* attributing a

different meaning to them, the words immediately following must be taken as amplifying and explaining the epithet crook. *Yakavicze* v. *Valentukevicious, supra.* Thus the effect of the whole charge is, that the plaintiff is a crook because he owed money everywhere, and was put out of Woodbury and other places because he owed money. The appellation is explained away by a specification which does not support the charge. A full discussion of the law on this point will be found in the *Yakavicze* case, which cannot be distinguished in principle from the case at bar.

There is error, the judgment is set aside, and the case remanded with direction to enter judgment for the defendant.