No. 14,737.

BIGGERSTAFF *v.* ZIMMERMAN.

(114 P. [2d] 1098)

Decided June 9, 1941.

Mr. JOHN B. BARNARD, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Messrs. LANG-DON & BARBRICK, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS is an action for slander. The parties appear here in the same relative position as in the trial court, where a general demurrer to the second amended complaint was sustained. Plaintiff elected to stand on her amended complaint, whereupon judgment of dismissal was en-

tered. Reversal is sought by writ of error. Defendant assigns cross-error.

 The primary problem before us is whether oral charges of unchastity against a woman will support an action for slander without allegations of special damage. The imputations of unchastity are so vulgarly expressed that, in the interest of decency, we refrain from quoting the language.

At common law slanderous words relating to unchastity on the part of a woman were not actionable per se. The reason for this rule was, that in England such an imputation did not involve the charge of the commission of any crime punishable in the temporal courts, but was only an offense cognizable in the spiritual courts. 33 Am. Jr., p. 59, §36; 36 C.J., p. 1174, §59. In Colorado "The common law of England, so far as the same is applicable, * * * shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority." Section 1, chapter 159, '35 C.S.A. The question presented by this litigation is a matter of first impression in this jurisdiction. Whether the common law in regard thereto "is applicable" in Colorado is a juridical question. An illustration of such problem will be found in the case of *Rains v. Rains,* 97 Colo. 19, 46 P. (2d) 740, where we held that the common-law rule of nonliability of husband to the wife for damages for a personal tort was not applicable to Colorado, notwithstanding a number of other jurisdictions have held otherwise. Similar common-law problems have heretofore been decided by this court. See, *Morris v. Fraker,* 5 Colo. 425; *Coffin v. Lefthand Ditch Co.,* 6 Colo. 443; *Crippen v. White,* 28 Colo. 298, 64 Pac. 184. In support of our decision in the Rains case Mr. Justice Butler cites the well-known legal maxim that, "Reason is the soul of the law, and when the reason of any particular law ceases, so does the law itself." As to the proposition under discussion, nonliability under the common law was predicated upon the jurisdiction of ecclesiastical

courts of such offenses. No such courts ever existed in this jurisdiction, and they are foreign to our fundamental law; therefore, there is no reason to suppose that the common-law rule for which counsel for defendant contend ever was applicable in this state. Moreover, our democratic mode of life is not comparable with the conditions of social life in existence prior to the fourth year of the reign of James I of England. Unlike that period, American tradition and civilization, as we know it, has a far greater appreciation of the potential worth and dignity of the individual human being, and the right to be protected therein. English judges many years ago denounced the common-law rule here involved as barbarous, with the result that Parliament in 1891 repealed the same. The Supreme Court of Nebraska, in the case of *Battles v. Tyson,* 77 Nebr. 563, 110 N.W. 299, 24 L.R.A. (N.S.) 577, refused to follow the common-law rule, and the American Law Institute, in Restatement of the Law — Torts, §§670, 674, adopted the rule supporting the liability of one who published a slander imputing unchastity to a woman. We are not unaware that some courts have held otherwise; but in view of what we have said, we decline to follow the decisions of those courts. To adopt this common-law rule in Colorado would be invoking an anachronism, inconsistent with our social and political concepts as reflected in the laws and Constitution of our state. Whether the slanderous words alleged constitute a crime under our laws it is unnecessary to decide, and we leave that question undetermined.

The amended complaint states a cause of action, and the trial court committed error in sustaining the demurrer thereto.

There is no merit in the cross-error assigned by counsel for defendant. No new cause of action was stated in the amended complaint. All three causes therein alleged are predicated upon the same allegations of slander as were set out in the original pleading.

The judgment is reversed and the case remanded with directions to reinstate the second amended complaint, with leave granted to the parties to further plead as they may be advised.

MR. CHIEF JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BAKKE dissent.