No. 18,413.

JULIAN A. O'CANA, ET AL. *v.* CELESTINO ESPINOSA, ET AL.
(347 P. [2d] 1118)

Decided January 4, 1960.

Messrs. KAUFMAN & GREENWALD, for plaintiffs in error.

No appearance for defendants in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

The parties appear here in the same order as in the trial court and are hereinafter referred to as there, or by name.

Plaintiffs' action was predicated on alleged slander. On April 1, 1957, application was made to the trial court for a default judgment, because of failure of defendants to file an answer. Thereupon the court proceeded to hear plaintiffs' evidence ex parte, and entered its findings of fact and conclusions of law. The trial court found as a fact "that the alleged actionable words were as follows: 'You're a thief and if it had not been for Maloufs you would be in the penitentiary.' As the questioning proceeded, it became very evident that these words referred to an information filed in the District Court of Rio Grande County in 1951. Trial was had thereon at that time and the defendant was found not guilty."

The trial court found that plaintiffs failed to prove the material allegations of their complaint that most of the statements claimed to be defamatory were made directly to the plaintiff Julian O'Cana, hence were not published within the meaning of that term as applied to actions of slander, and entered judgment in favor of defendants. A motion for new trial was dispensed with and plaintiffs are here on writ of error.

The record is silent as to who the Maloufs are. The charge in Rio Grande County against Julian O'Cana was for receiving stolen goods.

The record discloses that Manda Espinosa, referring to the plaintiffs in the presence of witnesses, said: "You are thieves and if it had not been for Maloufs you would be in the penitentiary today;" that Celestino Espinosa in the presence of witnesses referred to Julian O'Cana as a thief. It is plaintiffs' contention that the words uttered constituted slander per se. The remarks made by defendants were principally directed to plaintiff Julian

O'Cana, who had been tried and acquitted of the charge of receiving stolen goods.

In *Biggerstaff v. Zimmerman,* 108 Colo. 194, 114 P. (2d) 1098, it was held that in Colorado an action for damages, based upon slanderous words imputing unchastity on the part of a woman, may be maintained. In the instant case the accusation that the plaintiffs were thieves stands on the same basis.

See, also, *Milton G. Travis, et al. v. W. R. Hunt* (Miss.), 79 So. (2d) 734; *Ventresca v. Kissner,* 105 Conn. 533, 136 A. 90; *Horn et al. v. Ruess,* 72 Ariz. 132, 231 P. (2d) 756.

In *Safeway Stores, Inc. et al. v. Rogers,* 186 Ark. 826, 56 S.W. (2d) 429, we find:

"The words (you have stolen a package) being.actionable per se, however, appellee was entitled as a matter of law to compensatory damages, and was not required to introduce evidence of actual damage."

The remarks must be construed in the light of surrounding circumstances and here the testimony indicates that the alleged statement was made at the height of a violent quarrel and argument between plaintiffs and defendants over matters not here material to be discussed. The argument was apparently only one of several that occurred between the parties to this action and these statements were just one of many statements made by both plaintiffs and defendants designed to anger and humiliate their opponents.

Concluding, as we do, that the utterances were slanderous per se entitling plaintiffs to at least nominal damages, the judgment is reversed with directions to the trial court to enter judgment for plaintiffs for such damages as it may find were sustained by reason of the slanderous statements attributed to defendants.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ not participating.