No. 20,861.

FRANK H. CINQUANTA *v.* A. N. BURDETT.
(388 P. [2d] 779)

Decided December 30, 1963.     Rehearing denied February 10, 1964

Messrs. ROBINSON & CAPLAN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where plaintiff in error was the plaintiff and defendant in error was the defendant.

In his complaint the plaintiff alleged that the defendant had uttered slanderous statements concerning him and that said statements amounted to slander *per se.*

The specific words complained of are as follows: "I don't like doing business with crooks. You're a dead beat. You've owed me $155.00 for three or four months. You're crooks."

No special damages were proved and the trial court, holding that as a matter of law the words spoken did not constitute slander *per se,* granted the defendant's motion to dismiss. The plaintiff contends that the offending words impute either a criminal offense and/or financial irresponsibility and dishonesty in his trade and that by the mere proof of their utterance he has made a prima facie case of *slander per se.* We do not agree.

The plaintiff is engaged in the restaurant business in Boulder. The record discloses that the offending words were spoken during the course of a heated argument in the plaintiff's restaurant over a dispute as to whether plaintiff should pay defendant for work performed by the defendant on the restaurant's neon sign or whether plaintiff's insurance company should pay. The defendant and some friends came to the restaurant and ordered an expensive meal. When they had finished dining, the defendant insisted on signing the check rather than paying for the dinners and a loud argument followed

in which the defendant spoke, among other things, the words complained of. The fact that the plaintiff owed the defendant money which he refused to pay was the central point of argument between the parties.

■ In actions involving slander, there is always a temptation to write a treatise on the subject. We shall attempt to suppress that tendency here and deal only with the specific issue at hand. In resolving the controversy here we must determine whether the words spoken by the defendant were such as to either impute a crime to the plaintiff or to affect his credit and financial reputation by imputing financial difficulty or dishonesty, for in such cases the law in Colorado permits recovery for slander without proof of special damages. *O'Cana v. Espinosa,* 141 Colo. 371, 347 P. (2d) 1118; *McKenzie v. The Denver Times,* 3 Colo. App. 554, 34 Pac. 577; *Kobey v. Eddy,* 21 Colo. App. 140, 121 Pac. 948.

We must first consider whether the words "crook" or "crooks" impute a crime or a criminal offense to the plaintiff. In determining this question we cannot isolate the offending words from their context and we must examine the words in the light of the total attendant circumstances. *Yakavicze v. Valentukevicious,* 84 Conn. 350, 80 A. 94; *Herman v. Post,* 98 Conn. 792, 120 A. 606; *Diener v. Star-Chronicle Pub. Co.,* 230 Mo. 613, 132 S.W. 1143; *Bennett v. Seimiller,* 175 Kan. 764, 267 P. (2d) 926; *Thompson v. Bernard,* 1 Camp. 48, 170 Eng. Rep. 872; Prosser, *Torts,* 2d Ed., § 92, p. 581; 33 Am. Jur., *Libel & Slander,* § 87, p. 100.

■■ To come within the exception permitting recovery in an action for slander without proof of special damage because the words spoken impute a crime, it is the general rule that such words must impute conduct constituting a criminal offense chargeable by indictment or by information either at common law or by statute *and* of such kind as to involve infamous punishment or moral turpitude conveying the idea of major social disgrace. Restatement, *Torts* § 571, pp. 171-175; Prosser,

*Torts,* 2d Ed., § 93, p. 588. Mere words of abuse spoken in outbursts of excitement or passion do not constitute slander *per se.* The fact that the language is offensive to the plaintiff does not in itself make the words used *slander per se.* It is true that the word "crook" is derogatory, but the word does not in and of itself impute the commission of a crime. *Nelson v. Rosenberg,* 135 Neb. 34, 280 N.W. 229; *Mishkin v. Roreck,* 115 N.Y. Supp. (2d) 269; *Villemin v. Brown,* 193 App. Div. 777, 184 N.Y. Supp 570. In view of the popular use of the word "crook" in common language to denote conduct with which the speaker is displeased and with so many dictionary definitions of the word which refer to matters not chargeable as a crime, it is clear to us that the naked use of the word "crook" does not constitute slander *per se.* Moreover, the context in which the words were uttered in the instant case show that their use was in reference to the refusal of the plaintiff to pay for fixing the sign, conduct which is obviously not criminal in nature. One cannot be charged with a crime either at common law or by any statute of this state because he refused to pay a disputed bill.

■ Nor was the language used here such as to constitute slander *per se* as imputing insolvency or mercantile dishonesty to the plaintiff. As we have said, the words which the plaintiff contends are actionable *per se* must be taken in context and in the light of all the circumstances attendant upon the utterances. When viewed in this light, it is clear that the words used did not impute a general charge of mercantile dishonesty but rather were spoken in reference to one particular bill about which the parties were in dispute. The words were not spoken to fellow tradesmen as in *Kobey v. Eddy,* supra, where they would be calculated to injure the reputation and credit of the plaintiff. The appellation of "crook" and "dead beat" is explained away by the remainder of the words spoken in the oral affray which clearly show that the charge was made in refer-

ence to one disputed bill and could in no way imply a general charge of dishonesty or an attack on a mercantile reputation. *Herman v. Post,* supra, *Thompson v. Bernard,* supra.

The judgment is affirmed.