508 P.2d 792 (1973)
John Miller FORT and James Anthony Fort, Plaintiffs-Appellants,
v.
Daisy D. HOLT, Defendant-Appellee.
No. 72-103.
Colorado Court of Appeals, Div. I.
April 10, 1973.
Taussig, McCarthy & Snyder, John Whitehouse Cobb, Boulder, for plaintiffs-appellants.
*793 Martin, Riggs & Henshall, P. C., Marshall T. Riggs, Boulder, for defendant-appellee.
Not Selected for Official Publication.
SMITH, Judge.
In a complaint filed November 8, 1971, John Miller Fort and James Anthony Fort alleged that Daisy D. Holt composed and published a letter which stated:
"I have heard that the oldest Fort brother was released from an insane asylum shortly before they moved out here and that their father gave them $100,000 to `get lost.'"
The letter was allegedly addressed to and received by Randy Sullivan, of the Boulder Sheriff's Office, who read the letter and allowed others to read the letter. It was further alleged that defendant signed an affidavit in which she incorporated a true copy of the letter mentioned above. This affidavit was allegedly made a part of the application for a search warrant placed on public file in the United States District Court for the State of Colorado. Plaintiffs alleged that as a result of these publications they suffered humiliation, embarrassment, and mental anguish, loss of reputation, and diminution of credit rating. John Miller Fort, as the oldest Fort brother, claimed general damages of $20,000. Each requested punitive damages of $100,000.
It was also alleged that defendant had in the past spoken, and continued to speak, false and defamatory words about plaintiffs, specifically telling others that plaintiffs were guilty of crimes. As a result of these alleged statements, plaintiffs claimed to have suffered humiliation, embarrassment, mental anguish, a diminution of credit, and a diminution of reputation.
Plaintiffs appeal from the dismissal of the complaint under C.R.C.P. 12(b) for failure to state a claim upon which relief could be granted. In reviewing the trial court's dismissal of the complaint, the material allegations of the complaint must be taken as admitted. Cook v. Denver, 128 Colo. 578, 265 P.2d 700. It is error to dismiss a complaint if plaintiff can be granted relief under any state of facts which may be proved in support of the claim. Millard v. Smith, 30 Colo.App. 466, 495 P.2d 234.
With reference to the claim arising out of defendant's letter, the complaint has not alleged special damages. The only claims of defamation which may be maintained without allegation and proof of special damages are claims of libel per se, Inter-state Detective Bureau, Inc. v. Denver Post, Inc., 29 Colo.App. 313, 484 P.2d 131, or claims of libel per quod where the alleged defamatory words meet certain of the specific criteria required in claims of slander per se. Although recovery for libel per quod absent special damages has not been expressly recognized in Colorado, dicta in at least one case indicates that Colorado would probably accept the majority rule that pleading and proof of special damages is not necessary to support a claim of libel per quod where the alleged defamatory words constitute (1) the imputation of a crime, (2) the condition of having a loathsome disease, (3) a claim affecting business, or (4) an assertion of unchastity on the part of a woman. Bernstein v. Dun & Bradstreet, Inc., 149 Colo. 150, 386 P.2d 780.
Even if this rule is applicable in Colorado, the only one of these categories with possible relevance here would be that relating to the imputation of having a loathsome disease. However, the allegation that at one time a person had been mentally ill does not constitute an imputation that one has a loathsome disease. Thus, the complaint does not state a claim of libel per quod for which recovery may be had in the absence of proof of special damages.
We next consider whether the complaint states a claim of libel per se. A writing, to constitute libel per se, "must contain defamatory words specifically directed at the person claiming injury, which words must, on their face, and without the aid of intrinsic proof, be unmistakably recognized *794 as injurious." Lininger v. Knight, 123 Colo. 213, 226 P.2d 809. The most odious import of the statement in question is that John Miller Fort was at one time committed to an insane asylum, was released, and was given a sum of money by his father on the condition that he leave the immediate area wherein his father resided. The statement, similarly interpreted, also indicates that James Anthony Fort was also given a sum of money by his father and was a brother of a person who had been in an insane asylum. This writing does not tend to render plaintiffs contemptible or ridiculous in public estimation, expose them to public hatred or contempt, or hinder virtuous men from associating with them. Knapp v. Post Printing & Publishing Co., 111 Colo. 492, 144 P.2d 981. The complaint clearly does not allege a claim of libel per se.
The only other claim which could be asserted by the complaint concerns the defendant's alleged oral defamation. There is no allegation of special damages with reference to this claim. In the absence of such an allegation, the only theory under which recovery would be possible is that of slander per se.
"To come within the exception permitting recovery in an action for slander without proof of special damage because the word spoken imputed crime, it is the general rule that such words must impute conduct constituting a criminal offense chargeable by indictment or by information either at common law or by statute and of such kind as to involve infamous punishment or moral turpitude conveying the idea of major social disgrace." Cinquanta v. Burdett, 154 Colo. 37, 388 P.2d 779.
The complaint alleges that the words uttered by defendant "were intended to and did convey the impression that . . . [plaintiffs had] been guilty of various crimes including but not limited to violations of the Federal Firearms Regulations and local zoning ordinances effective in the County of Boulder." The allegations of the complaint in this regard do not satisfy the requirements of the Cinquanta case that the imputed crimes be ones involving moral turpitude or conveying the idea of major social disgrace. Thus, the complaint fails to state a claim of slander per se.
Inasmuch as the complaint fails to state any claim upon which relief could be granted, the trial court properly dismissed the action.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.