**WKB ENTERPRISES, INC., a Utah corporation, Plaintiff,**

v.

**RUAN LEASING COMPANY, an Iowa corporation; and Rory E. Kuhljergen, Defendants.**

**Civil No. 92–C–0304 A.**

United States District Court,
D. Utah, C.D.

Nov. 19, 1993.

---

James W. Kennicott, Park City, UT, for plaintiff.

J. Rand Hirschi, Tim Dalton Dunn, Dunn & Dunn, Salt Lake City, UT, for defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ALDON J. ANDERSON, Senior District Judge.

### I. *Background.*

Plaintiff, WKB Enterprises (hereafter "WKB") is a Utah corporation controlled by William Clements and his wife. WKB's business is primarily in the loaning of money and in the assisting of others in obtaining financing for business ventures. Defendant Ruan Leasing Company, and its employee, Rory E. Kuhljergen, (hereafter collectively "Ruan") is in the business of leasing large equipment, such as long-haul trucks, known as tractors, and trailers, to individuals and other businesses.

In the early part of 1989, Mr. Wayne Steward, doing business through a small corporation named Conway Corporation, approached Ruan about leasing a tractor and trailers. (Stewart and Conway Corporation are referred to herein collectively as "Conway"). Ruan informed Conway that it would not lease equipment to Conway unless it could provide reasonable security for the debt.

Conway thereafter advertised in the *Salt Lake Tribune* for financing, and WKB responded. WKB agreed to provide letters of credit to secure Ruan for the leasing of equipment to Conway. Based on those letters of credit, Ruan agreed to lease a tractor and three trailers to Conway.

Initially, two letters of credit, in the amounts of $10,000 each, were obtained by WKB from Silver King Bank in Park City, Utah, which later became Valley Bank. Those letters name WKB as the applicant and Ruan as the beneficiary. The letters also note that they were being provided as security for "lease payments" for a "tractor and three trailers." The letters do not mention, however, Conway or Wayne Steward. Valley Bank was aware, however, from both WKB and Ruan, that no lease existed between WKB and Ruan, and that the only lease in existence was the one between Conway and Ruan.

After providing the two Valley Bank letters of credit in 1989, WKB agreed to provide Ruan three additional letters of credit, in the amounts of $7,500 each, from Key Bank in Salt Lake City. Those letters provide that in the case of default by Conway, Ruan could obtain the money by sending a signed statement to Key Bank that the "lease payments from Wayne Stewart are delinquent," and a certification that notice of the default had been sent to WKB.

Eventually, Conway fell behind in his lease obligations to Ruan in an amount of approximately $42,000. Ruan sent letters to Valley Bank and Key Bank informing them of Conway's default and demanding payment of the letters of credit. Key Bank paid on its three letters of credit, but Valley Bank refused.

Valley Bank said Ruan's demand was faulty because it did not follow precisely the language of the letters of credit. As noted above, the Valley Bank letters of credit, unlike the Key Bank letters, do not specifically mention Conway or Stewart. In that regard, the first Valley Bank letter, dated March 16, 1989, provides that in the event of default on the lease payments, Ruan needed to send a written statement certifying that "lease payments relating to a tractor and three trailers are delinquent." The second Valley Bank letter, dated October 17, 1989, called for certification that the "lease payments from

WKB Enterprises, Inc. related to a tractor and three trailers are delinquent." The demand letter from Ruan did not use the required language. Instead, the demand merely informed the bank that the "the account of Wayne Stewart [the principal of Conway] still remains in default."

Valley Bank informed Ruan that any demand on the letters of credit had to reflect exactly the language of the letters of credit. Accordingly, Ruan sent second demand letters to Valley Bank reflecting the exact language of the letters of credit, including the statement that "lease payments *from WKB Enterprises, Inc.*" were delinquent (emphasis added). Valley Bank then issued two checks to Ruan for $20,000. Following payment by Valley Bank, WKB filed the present law suit against Ruan claiming fraud, defamation and unjust enrichment.

The basis for WKB's lawsuit is the assertion that Ruan's second set of demand letters to Valley Bank, tracking the exact language of the letters of credit, were deceptive. WKB argues that the Valley Bank letters of credit were not issued to secure the Conway lease of the tractor and three trailers, but were instead given to secure some "future" lease of equipment that WKB might enter into with Ruan.

Following the filing of the lawsuit, Ruan brought a motion for summary judgment seeking dismissal of the complaint. WKB opposed the motion, and filed its own motion for summary judgment. Oral argument was heard, and the matter was taken under advisement.

Having considered the arguments of the parties, and being fully aware of the facts, the court finds that factual issues preclude the granting of summary judgment in WKB's favor. The court further finds, however, that even if the facts submitted by WKB are true, Ruan is still entitled to summary judgment dismissing the complaint.

## II. *Discussion*

### A. Standard of Review.

■ Summary judgment is appropriate when the moving party can show that there is no genuine issue of material fact, and that the party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). In reviewing the evidence presented, the court is to construe all facts, and reasonable inferences therefrom, in favor of the non-moving party. *Lindley v. Amoco Production Co.,* 639 F.2d 671, 672 (10th Cir. 1981). This is true, even though it might appear, weighing the evidence, that the moving party has the stronger case. For purposes of summary judgment, the court does not weigh the evidence. Instead, the court examines the evidence to determine if a reasonable jury could return a verdict in favor of the nonmoving party. If it can, summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Clifton v. Craig,* 924 F.2d 182, 183 (10th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991).

■ On the other hand, while the foregoing hurdle, in favor of summary judgment is high, it is not insurmountable. As the United States Supreme Court states: "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient," to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252, 106 S.Ct. at 2512. Further, if, after a reasonable time has passed for discovery, it can be shown that the nonmoving party cannot present evidence to show an essential element to that party's case, then summary judgment is available. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).[1] Finally, summary judgment is appropriate to resolve issues of law, such as the meaning of statutes, and whether or not such statutes preclude the bringing of an action.

---

1. Rule 202(b)(4) of the Rules of Practice for the United States District Court for the District of Utah provides that all material facts asserted by a moving party are deemed admitted unless specifically controverted by the opposing party. If adequate time has not passed for the nonmoving party to gather evidence to oppose summary judgment, relief can sought under F.R.C.P. 56(f). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

B. WKB's Motion for Summary Judgment.

■ With regard to WKB's motion, there are simply too many inconsistencies to find as a matter of law that WKB is entitled to the relief sought in the complaint. Other than Clements' testimony itself, there is absolutely no evidence supporting the scenario that WKB would give two letters of credit for some "future" lease with Ruan. Further, WKB has not presented any evidence to explain why Ruan would lease the subject tractor and three trailers to Conway in 1989 when the only security given was to secure not Conway's lease, but some mythical future WKB lease. In that regard, the court notes that the Valley Bank letters of credit were issued in 1989, the year of the Conway lease, while the Key Bank letters of credit were issued in 1990–91 after Conway was falling behind in its lease payments. The WKB Motion for Summary Judgment is Denied.

C. Ruan Motion for Summary Judgment.

Turning to Ruan's motion for summary judgment, the court is persuaded that WKB has failed to present evidence supporting required elements of its causes of action against Ruan.

### 1. Fraud.

WKB's first cause of action against Ruan is for fraud, and is premised on the Ruan demand letters to Valley Bank stating that lease payments from WKB were delinquent. WKB claims that since it was not in default on any lease payments to Ruan, the demand letter constituted fraud.

The Utah Supreme Court set forth the elements of fraud in the case of *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273 (1952):

These are: (1) That a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was

thereby induced to act; (9) to his injury and damage.

*Id.* 247 P.2d at 274–75.

■ The difficulty with WKB's fraud claim is that even if the Ruan demand letters contained false information, i.e., that WKB was delinquent in lease payments, Valley Bank was aware of that falsity because it knew there was no lease between Ruan and WKB. Contrary to WKB's arguments, actual reliance on a misrepresentation is not enough to make out fraud. As noted in by the Utah Supreme Court, fraud requires that reliance upon the misrepresentation be reasonable and "in ignorance of its falsity." *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273, 275 (1952). *See also Taylor v. Gasor, Inc.*, 607 P.2d 293, 294 (Utah 1980). Where the party to whom the false statement is being communicated is aware of the misrepresentation there can be no reasonable reliance and, therefore, no fraud.

■ WKB seeks to avoid the reasonable reliance element of fraud by arguing that Valley Bank had no choice in paying on the letters of credit. WKB states that once Valley Bank received demand letters stating that WKB's lease payments were delinquent, it had to pay on the letters of credit even though it knew the statements to be false. This court disagrees.

It is true that letters of credit generally constitute statutory obligations of the issuer to honor drafts drawn by the beneficiary which comply with the terms of the letters of credit. *See Newvector Communications, Inc. v. Union Bank*, 663 F.Supp. 252, 255 n. 5 (D.Utah 1987). However, this does not mean that a bank must honor all demands which it knows to be false. Utah Code Ann. § 70A–5–114(2) provides that in the situation where fraud is part of the transaction a bank is not compelled to pay unless the holder of the draft or demand is a holder in due course under § 70A–3–302, a bona fide purchaser of a certified security under § 70A–8–302, or is a person to whom a document of title has been duly negotiated under § 70A–7–502. In all other cases, the bank's payment is discretionary and is based on good faith. Subpart (b) of § 70A–5–114(2) states:

in all other cases as against its customer, *an issuer acting in good faith may honor the draft or the demand for payment* despite notification from the customer of fraud, forgery, or other defect not apparent on the face of the documents but a court of appropriate jurisdiction may enjoin such honor.

(Emphasis added).

Applying the foregoing statutory scheme to this case, WKB was provided adequate time by Valley Bank to go to a court of appropriate jurisdiction to enjoin the payment of funds to Ruan. When WKB fails to pursue such relief, Valley Bank in good faith could make the payment to Ruan without fear of liability. At the same time, Valley Bank did not have to make the payment because the statute uses the term "may" instead of the terms "must" or "shall" as are used in other sections of the letter of credit statutes. Instead, the bank could have chosen to go to a court of appropriate jurisdiction itself to get a determination on payment.

■ Because Valley Bank was not compelled to make payment to Ruan under Utah Code Ann. § 70A–5–114(2)(b), the reasonable reliance element of a fraud cause of action is still required. Valley Bank could not have "reasonably relied" upon the alleged misrepresentations made by Ruan to Valley Bank as to a WKB/Ruan lease. Accordingly, summary judgment in favor or Ruan on WKB's fraud claim is appropriate.

## 2. Defamation.

■ WKB's next cause of action claim against Ruan is for defamation. WKB asserts that Ruan defamed its business reputation by publishing to Valley Bank the false assertion that WKB was delinquent in its lease payments. WKB acknowledges that the Valley Bank personnel to whom Ruan's demand letters were sent were aware of the fact that WKB did not have a lease with Ruan. Nonetheless, WKB claims that the existence of the Ruan letters in the Valley Bank files constitute a continuing defamation because they might someday be read by individuals not aware of the circumstances surrounding receipt of the letters, which individuals might believe that WKB failed to meet its financial obligations.

Ruan seeks summary judgment dismissing the defamation cause of action because WKB has not pled, or presented any admissible evidence of, special damages, an essential element of a defamation cause of action. WKB responds that it need not show special damages because Ruan's statements constitute defamation per se.

If words … are used in such a context or under such circumstances as they would reasonably be understood to come within the traditional requirement of libel or slander: that is, to hold a person up to hatred, contempt or ridicule, or to injure him in his business or vocation, they are deemed actionable per se; and the law presumes that damages will be suffered therefrom.

*Prince v. Peterson,* 538 P.2d 1325, 1328 (Utah 1975) (representations that a business owner was a crook.)

Ruan asserts that a mere statement that WKB was delinquent on lease payments does not rise to the level of holding WKB up to "hatred, contempt or ridicule or to injure him in his business." Consequently, Ruan argues that special damages must be shown to win on defamation. This court agrees.

In *Cinquanta v. Burdett,* 154 Colo. 37, 388 P.2d 779, 780 (1964) the Colorado Supreme Court stated that a determination of whether a statement constitutes defamation per se must be judged "in the light of the total attendant circumstances." In that case a trial court dismissed an action where plaintiff was unable to show special damages as a result of a statement by a customer that he was a "crook" and a "deadbeat." The context of the statements were such that no one could really believe the statements and would realize that they dealt with a disagreement over a debt.

In this case, the offending letter, which stated that WKB was delinquent in its lease payments, was known by Valley Bank to be false. If it is presently in Valley Bank's files, and no evidence was presented on that point, it is highly likely that it is with the other letters exchanged between the parties which clearly indicate the circumstances of the

transaction, including the nonexistence of a WKB/Ruan lease. In light of those circumstances, the court determines that special damages must be shown by WKB. Such damages have not been shown, and summary judgment in favor of Ruan on the defamation cause of action is appropriate.

### 3. Unjust Enrichment.

 The final WKB cause of action before the court is WKB's claim for a return of the $20,000 on the theory of unjust enrichment or *quantum meruit.* Ruan seeks summary judgment dismissing this cause because the equitable remedy of unjust enrichment is not available unless plaintiff has exhausted his legal remedies. See *Knight v. Post,* 748 P.2d 1097 (Utah App.1988).

The basis of WKB's action against Ruan is the allegation that the two Valley Bank letters of credit were not to secure Conway lease for a tractor and three trailers, but were rather to act as security for some future lease between WKB and Ruan. In spite of the allegation, WKB does not seek legal relief from Ruan for breach of a contract for a future lease. Such an action is a prerequisite for maintaining an equitable claim for unjust enrichment. *Id.* at 1099–2000. Ruan is entitled to summary judgment on the unjust enrichment cause of action.

### III. *Conclusion*

Factual disputes preclude the granting of summary judgment in WKB's favor. Other than Clement's testimony, there is simply no evidence to support the claim that the two Valley Bank letters of credit were to secure some future lease between WKB and Ruan. Even if true, however, the facts justify granting summary judgment in favor of Ruan as to all pled causes of action.

Valley Bank could not have "reasonably" relied upon a statement by Ruan that WKB was delinquent on lease payments. Consequently, no claim for fraud can be made out. Similarly, in light of the circumstances surrounding Ruan's delivery of the offending letter to Valley Bank, no cause is made out for defamation per se. WKB has not pled special damages, and its defamation cause of action is not supported at law. Finally, the claim for unjust enrichment or *quantum meruit* is also lacking because WKB has failed to exhaust its legal remedies.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that WKB's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Ruan's motion for summary judgment is GRANTED.